IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| CHRISTENSEN,<br><br>      Plaintiff,<br>v.<br><br>PHIPPS, et al.,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' [16] MOTION TO DISMISS<br><br>Case No. 1:22-cv-00041-CMR<br><br>Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings, including entry of final judgment (ECF 15). 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Defendants Martin A. Phipps, Tom Bashford, and The Bears Den Bearlake, LLC's (Bears Den) (collectively, Defendants) Motion to Dismiss (ECF 16) (the Motion) certain claims asserted in Plaintiff Sandra L. Christensen's (Plaintiff) Complaint (ECF 2). Having carefully considered the relevant filings, the court finds that oral argument is not necessary and will decide this matter on the basis of written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court GRANTS the Motion.

## I. BACKGROUND

Plaintiff's claims arise from her employment as a manager at Bears Den, a gift shop owned by Defendants Phipps and Bashford (ECF 2). Plaintiff's Complaint asserts the following causes of action against Defendants: (1) Retaliation in violation of Titles I and V of the Americans with Disabilities Act (ADA) against Bears Den; (2) Retaliation in violation of Title VII of the Civil Rights Act against Bears Den; (3) Wrongful termination against Bears Den; (4) Negligent infliction of emotional distress against all Defendants; (5) Breach of contract against Bears Den; and (6) Punitive damages against all Defendants (ECF 2 at 7–12).

Defendants request dismissal of the Second, Third, Fourth, Fifth, and Sixth Causes of Action pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim (ECF 16). Defendants argue the Second Cause of Action is subject to dismissal for failure to exhaust administrative remedies; the Third, Fourth, and Fifth Causes of Action fail on several grounds; and the Sixth Cause of Action is improper as to individual Defendants Phipps and Bashford (ECF 16 at 3). Plaintiff's Response addresses Defendants' arguments only as to the Second and Fifth Causes of Action (ECF 18). As noted in Defendants' Reply (ECF 20), Plaintiff's Response does not address Defendants' remaining arguments as to the Third, Fourth, and Sixth Causes of Action.

## II.  LEGAL STANDARDS

A complaint fails to state a claim upon which relief may be granted if it does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* A pleading that contains "unadorned, the-defendant-unlawfully-harmed-me accusation[s]" is insufficient. *Id.* A pleading that offers "labels and conclusions," consists of "a formulaic recitation of a cause of action's elements," or tenders "naked assertion[s]" devoid of "further factual enhancement" is also insufficient. *Twombly*, 550 U.S. at 555–557. "[A] plaintiff must offer specific factual allegations to support each claim." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (citing *Twombly*, 550 U.S. at 555).

"Generally, the sufficiency of a complaint must rest on its contents alone." *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). However, "[a] district court may . . . consider documents attached to or referenced in the complaint" in certain circumstances. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1103 (10th Cir. 2017). Even "if a plaintiff does not

2

incorporate by reference or attach a document to its complaint, but the document is referred to in the complaint and is central to the plaintiff's claim, a defendant may submit an indisputably authentic copy to the court to be considered on a motion to dismiss." *Zevallos v. Allstate Prop. & Cas. Co.*, 776 F. App'x 559, 561 n.1 (10th Cir. 2019) (quoting *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997)). The court may also consider "matters of which a court may take judicial notice." *Barker v. Utah Dep't of Env't Quality*, No. 1:18-CV-61-TC-CMR, 2021 WL 268943, at *6 n.6 (D. Utah Jan. 27, 2021) (quoting *Gee*, 627 F.3d at 1186).

### III. DISCUSSION

#### A. Third, Fourth, and Sixth Causes of Action

Plaintiff's Third Cause of Action for wrongful termination is asserted against Bears Den. Plaintiff's Fourth Cause of Action for negligent infliction of emotional distress and Sixth Cause of Action for punitive damages are asserted against all Defendants. Defendants argue various grounds for dismissal of the Third and Fourth Cause of Action in their entirety and the Sixth Cause of Action as to Defendants Phipps and Bashford. However, Plaintiff fails to meaningfully respond to any of these arguments in the Response (ECF 18). Although Plaintiff includes an introductory paragraph that outlines potential arguments in response (*id.* at 2), Plaintiff does not identify any supporting law or facts in the argument section to support these introductory statements. Indeed, Plaintiff includes no supporting argument paragraphs whatsoever for these causes of action despite doing so for the Second and Fifth Causes of Action (*id.* at 3-4).

Given that Plaintiff failed to adequately respond to Defendants' arguments for dismissal of the Third, Fourth, and Sixth Causes of Action, the court concludes that Plaintiff has conceded these arguments, and these claims will be dismissed. *See, e.g.*, *Davis v. Utah*, No. 2:18-cv-926-TS, 2019 WL 2929770, *7 (D. Utah July 18, 2019) ("Defendants also seek dismissal of Plaintiffs' freedom

of association claim. Plaintiffs have failed to respond to this argument. Therefore, the Court will dismiss this claim."); *Knudsen v. Country wide Home Loans, Inc.*, No. 2:11-cv-429-TS, 2011 WL 3236000, *2 (D. Utah July 26, 2011) ("Plaintiff has failed to respond to Defendants' arguments concerning his negligent misrepresentation claim. Therefore, the Court finds that Plaintiff has abandoned this claim and it will be dismissed"). For these reasons, the court hereby GRANTS the Motion as to the Third, Fourth, and Sixth Causes of Action. The court dismisses the Third Cause of Action against Bears Den, the Fourth Cause of Action against all Defendants, and the Sixth Cause of Action as to Defendants Phipps and Bashford.

B.   **Second Cause of Action for Retaliation**

In the Second Cause of Action, Plaintiff alleges Bears Den retaliated against her for complaining of sexual harrassment by terminating her daughter (ECF 2 ¶¶ 46–51). Defendants argue that Plaintiff failed to exhaust her administrative remedies as required by Title VII by failing to mention these facts in her Charge of Discrimination filed with the Utah Antidiscrimination and Labor Division (UALD) and the Equal Employment Opportunity Commission (EEOC) (ECF 16 at 3).[1] "A plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter." *Delsa Brooke Sanderson v. Wyoming Highway Patrol*, 976 F.3d 1164, 1170 (10th Cir. 2020) (quoting *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1181 (10th Cir. 2018)). The purpose of this requirement to exhaust administrative remedies is: "(1) to give notice of the alleged violation to the charged party; and (2) to give the EEOC an opportunity to conciliate the claim, which effectuates Title

---

[1] Defendants argue the court may properly consider the Charge of Discrimination attached to the Complaint (ECF 2 at 15) and the allegations therein without converting their Motion to a summary judgment motion. *See Brokers' Choice*, 861 F.3d at 1103. Plaintiff neither disputes this argument nor requests that the Motion be converted to a summary judgment motion. As it was mentioned and attached to the Complaint, the court will therefore consider the Charge of Discrimination in determining Defendants' Motion under Rule 12(b)(6).

4

VII's goal of securing voluntary compliance." *Id.* (quoting *Smith v. Cheyenne Ret. Inv'rs L.P.*, 904 F.3d 1159, 1164 (10th Cir. 2018)). Thus, "[a] plaintiff's claim in court is generally limited by the scope of the administrative investigation that can reasonably be expected to follow the charge of discrimination submitted to the EEOC." *Id.* (quoting *Smith*, 904 F.3d at 1164). To meet the exhaustion requirement, the EEOC charge "must contain facts concerning the discriminatory and retaliatory actions underlying each claim." *Id.* (quoting *Smith*, 904 F.3d at 1164).

Here, Plaintiffs argue that the facts relating to her daughter's termination were addressed and investigated by the UALD throughout its investigation and were included in its findings and determination (ECF 18 at 3). In *Sanderson*, the plaintiff made an identical argument that the facts she provided to the EEOC in its investigation but did not include in her original charge of discrimination were sufficient to exhaust her administrative remedies for claims related to those facts. *Id.* at 1171. The court rejected this argument reasoning that "[t]o ensure fairness, a plaintiff must articulate facts to support her [] claim in the Charge itself." *Id.* at 1172. Similarly, review of the Charge of Discrimination in this case supports Defendants' position that the facts therein are limited to alleging that Bears Den retaliated by terminating Plaintiff because of her disability (ECF 2 at 15 ("I was taken off the schedule in retaliation due to my disability.")). The Charge of Discrimination itself says nothing directly or indirectly in relation to her daughter's termination. The Tenth Circuit has repeatedly held that "the reasonable and likely scope of the investigation is determined by the allegations contained in the *Charge* itself, rather than in the Charge and any responsive documents." *Sanderson*, 976 F.3d at 1170 (quoting *Smith*, 904 F.3d at 1165). Because Plaintiff failed to allege facts relating to her daughter's termination based on sexual harassment in her Charge of Discrimination, Plaintiff failed to exhaust her administrative remedies as to her

retaliation claim based on these facts. The court therefore GRANTS the Motion as to the Second Cause of Action and dismisses this claim against Bears Den.

C.     **Fifth Cause of Action for Breach of Contract**

Plaintiff's Fifth Cause of Action is for breach of contract against Bears Den. Defendants argue this claim is preempted by the Utah Anti-Discrimination Act (UADA) because it is not wholly distinct from Plaintiff's discrimination claim (ECF 16 at 3, 5).[2] The UADA provides that "[t]he procedures contained in [the UADA] are the exclusive remedy under state law for employment discrimination based upon . . . disability . . ." Utah Code Ann. § 34A-5-107(15)(i). This provision "reveals an explicit legislative intention to preempt all common law remedies for employment discrimination." *Gottling v. P.R., Inc.*, 61 P.3d 989, 992 (Utah 2002). "The language of this 'exclusivity provision' unambiguously indicates that the UADA preempts 'common law causes of action' for employment discrimination based on [one's disability]." *See id.* (quoting *Retherford v. AT & T Communications*, 844 P.2d 949, 961 (Utah 1992)).

To determine whether a claim is preempted by the UADA, courts apply the "indispensable element test." *Jensen v. Xlear, Inc.*, No. 2:19-cv-413, 2020 WL 2431239, at *7 (D. Utah May 12, 2020) (quoting *Retherford*, 844 P.2d at 964). Under this test, "preclusion depends on whether the type of injury the statute addresses is a necessary element of the . . . claim. If [the] common law . . . claim cannot be proved without also proving the type of injury addressed by the statute, then the claim is barred by the statute's exclusivity provision." *See id.* (quoting *Giddings v. Utah Transit Auth.*, 107 F. Supp. 3d 1205, 1209–10 (D. Utah 2015)). This "test requires a court to identify the injury that the UADA was designed to address and then examine the elements of [the plaintiff's]

---

[2] Because the court resolves Plaintiff's breach of contract claim based on Defendants' preemption argument, the court does not address Defendants' alternative argument that this claim also fails because Plaintiff did not plead facts overcoming the presumption that she was an at-will employee under Utah law (ECF 16 at 3).

claims to determine whether such injury is 'a necessary element of each cause of action.'" *Id.* (quoting *Giddings*, 107 F. Supp. 3d at 1210).

Here, Plaintiff argues her breach of contract claim is not preempted because Bears Den made a "specific promise" to her about keeping her employment and the hours she would be allowed to work constituting "an enforceable contract separate and apart from" recovery for her discrimination claim (ECF 18 at 4). The court first notes the Complaint does not contain these allegations. Rather, the Complaint's focus is on either an express or an implied in fact contract that Bears Den properly address any reported unfair treatment, address allegations of disability discrimination, investigate unfair treatment, and not retaliate. In the Fifth Cause of Action, Plaintiff alleges Bears Den breached an implied employment agreement with her by failing to "allow . . . reasonable time and accommodations for her disabilty" and for retaliating and terminating her employment (ECF 2 at ¶¶ 62–63). Plaintiff's breach of contract claim is thus based on the same injury alleged in her discrimination claims and is therefore preempted by the UADA. As noted by Defendants, courts have repeatedly rejected this theory of recovery. *See, e.g.*, *Jones v. Huntsman Cancer Hosp.*, No. 2:12CV814 DAK, 2013 WL 2145764, *1 (D. Utah May 15, 2013) (holding that the plaintiff's "breach of contract claim is a state law claim and is clearly barred by the exclusive remedy provision of the UADA"); *see also Code v. Utah Dept. of Health*, 174 P.3d 1134, 1137 (Utah Ct. App. 2007) (rejecting the plaintiff's argument that the employer's personnel policy manual rules forbidding discrimination were contractual in nature). For these reasons, the court hereby GRANTS the Motion as to the Fifth Cause of Action and dismisses Plaintiff's breach of contract claim against Bears Den.

## IV.     CONCLUSION AND ORDER

In summary, IT IS HEREBY ORDERED that:

1. Defendants' Motion to Dismiss (ECF 16) is GRANTED.

2. Plaintiff's Second, Third, Fourth, and Fifth Causes of Action are dismissed.

3. Plaintiff's Sixth Cause of Action is dismissed as to Defendants Phipps and Bashford.

4. Defendants Phipps and Bashford are dismissed as defendants in this action as all claims against them have been dismissed.

IT IS SO ORDERED.

DATED this 7 March 2023.

Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah