IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| CHRISTENSEN,<br><br>      Plaintiff,<br>v.<br><br>PHIPPS, et al.,<br><br>      Defendants. | MEMORANDUM DECISION AND ORDER DENYING PLAINTIFF'S [35] MOTION TO AMEND SCHEDULING ORDER<br><br>Case No. 1:22-cv-00041-CMR<br><br>Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings, including entry of final judgment (ECF 15). 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Sandra L. Christensen's (Plaintiff) Motion to Amend Scheduling Order (Motion) (ECF 35), along with The Bears Den Bearlake's (Defendant or Bears Den) opposition (ECF 37). Plaintiff did not file a reply. Having carefully considered the relevant filings, the court concludes oral argument is not necessary and determines the Motion based on the written memoranda. *See* DUCivR 7-1(g). For the reasons set forth below, the court DENIES the Motion.

I.    BACKGROUND

Plaintiff's Complaint arises from her employment as a manager at Bears Den (ECF 2). On March 7, 2023, the court granted Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) with the only remaining claim being retaliation in violation of Titles I and V of the Americans with Disabilities Act (ADA) against Bears Den (ECF 27 at 2).

Throughout the course of this case, the scheduling order has previously been amended four times for the extension of fact discovery (ECF 35 at 2–4). Plaintiff filed the Complaint in March 2022, and the original scheduling order set fact discovery to close on March 15, 2023 (ECF 24).

1

The court then amended the schedule for fact discovery to close on June 13, 2023 (ECF 26). On June 9, 2023, the court entered the Second Amended Scheduling Order with a fact discovery deadline of July 28, 2023 (ECF 29). Then, on July 31, 2023, the Third Amended Scheduling Order extended fact discovery until September 26, 2023 (ECF 31). Finally, on October 13, 2023, the Fourth Amended Scheduling Order extended fact discovery through November 26, 2023 "for the sole purpose of Defendant taking Plaintiff's deposition" (ECF 33). The court granted this motion based on Plaintiff's failure to respond (*id.*).

The present Motion (ECF 35) was filed by Plaintiff on October 27, 2023. Plaintiff argues there is good cause for an extension of fact discovery because the parties were discussing depositions through August 2023, and Plaintiff believed based on prior communications that the November 26, 2023 fact discovery deadline applied to both Plaintiff's deposition and Defendant's 30(b)(6) deposition (ECF 35 at 3). While Defendant confirms there were discussions about Plaintiff's deposition after certain discovery responses were supplemented (ECF 37 at 4–5), Defendant asserts that "Plaintiff did not make any proactive effort prior to the close of fact discovery to seek an extension to depose Defendant, whether through stipulation or by motion" (*id.* at 4). Defendant "did not request that Plaintiff stipulate to an additional extension of the fact-discovery period or otherwise discuss the possibility of extending the fact-discovery period beyond the September 26 deadline" (*id.*). Defendant further contends that as of the September 26, 2023 fact discovery deadline, Defendant was still waiting on certain requested records from Plaintiff and thus filed the fourth motion to amend for "the sole purpose of Defendant deposing Plaintiff" (ECF 37 at 3–4). The motion was granted on October 13, 2023 based on Plaintiff's failure to respond, and the court set a fact discovery deadline of November 26, 2023 solely for the purpose of taking Plaintiff's deposition (ECF 33).

Defendant claims to have received Plaintiff's records on October 18, 2023, and requested dates to take Plaintiff's deposition that same day (ECF 37 at 4). Plaintiff subsequently requested, again, to take Defendant's deposition (*See* ECF 37-2 at 1–5). Although the scope for discovery extension was explicit and limited in the Fourth Amended Scheduling Order (ECF 33), Plaintiff believed that "based on prior communications… the extension of fact discovery was for both Plaintiff and Defendant" (ECF 35 at 4).

Plaintiff has since submitted a Fifth Motion for Entry of Amended Scheduling Order requesting an additional twenty-one days to extend the fact discovery deadline "to schedule and complete the 30(b)(6) deposition on The Bears Dean Bearlake, LLC" (ECF 35 at 5). Plaintiff asserts there is good cause to extend the fact discovery deadline so that Plaintiff can conduct a Rule 30(b)(6) deposition (ECF 35 at 5). Defendant asks the court to deny the Motion because Plaintiff cannot satisfy the respective factors to establish good cause and excusable neglect for filing this request after the close of fact discovery (ECF 37 at 2). Plaintiff has not addressed the good cause or excusable neglect factors in the Motion.

## II.     LEGAL STANDARD

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). However, Rule 6(b)(1)(B) is also implicated with Rule 16(b)(4) when a party requests to "extend the time on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Rule 6 should be "liberally construed to advance the goal of trying each case on the merits." *Rachel v. Troutt*, 820 F.3d 390, 394 (10th Cir. 2016).

"[G]ood cause requires a greater showing than excusable neglect." *Utah Republican Party v. Herbert*, 678 F. App'x 697, 700 (10th Cir. 2017) (quoting *Broitman v. Kirkland (In re Kirkland)*,

3

86 F.3d 172, 175 (10th Cir. 1996)). Excusable neglect requires "some showing of good faith on the part of the party seeking the enlargement and some reasonable basis for noncompliance within the time specified." *Id.* (quoting *Broitman*, 86 F.3d at 175). However, good cause invokes a higher standard that requires "the moving party to show the deadline 'cannot be met despite the movant's diligent efforts.'" *Id.* at 701 (quoting *Gorsuch, Ltd., B.C. v. Wells Fargo Nat'l Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014)). The good cause standard is analyzed as a threshold inquiry, and only after it is met, does the court move on to excusable neglect analysis. *See id.* at 700.

Both the "good cause" and "excusable neglect" standards have factors that the court should consider to determine whether discovery should be reopened. *See American Casualty Co. v. Lighthouse Safety, LLC*, No. 2:22-CV-301, 2024 WL 1214068, at *3 (D. Utah Mar. 21, 2024). Relevant good cause factors include:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id.* at *3 n.28 (quoting *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987)).[1]

### III. DISCUSSION

Plaintiff contends that there is good cause to amend the scheduling order because "neither party has been diligent" and "finding a date convenient to both counsel has been difficult" (ECF 35 at 5). Defendant opposes the Motion arguing that Plaintiff cannot meet the good cause standard because Plaintiff has not been diligent in seeking the requested discovery (ECF 37 at 7–8). Now,

---

[1] Relevant excusable neglect factors include: "(1) the danger of prejudice to the nonmoving party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was in the reasonable control of the movant; and (4) whether the movant acted in good faith*." American Casualty Co.*, 2024 WL 1214068, at *3 (quoting *Miller v. Power*, No. 2:20-cv-00210, 2023 WL 6976602, at *1 (D. Utah Oct. 23, 2023)). However, because the court does not find Plaintiff meets the good cause standard, the court does not reach analysis regarding excusable neglect. *See Utah Republican Party*, 678 F. App'x at 700.

4

after four previous scheduling order amendments, Plaintiff again asks the court to extend fact discovery.

While the court considers all factors, the discretion permitted by Rule 16(b)(4) allows the court to consider "factors relating to diligence and foreseeability [as] the most relevant in deciding Plaintiff's motion." *See Tracy v. Youth Health Assocs., Inc.*, No. 1:20-CV-88, 2021 WL 2379636, at *2 (D. Utah June 9, 2021). Where "Plaintiffs have not offered up any good reason why they failed to complete discovery within the allotted time, and they have not established that they acted with reasonable diligence in pursuing the discovery they now seek," the court will not find good cause to amend the scheduling order. *See American Casualty Co.*, 2024 WL 1214068, at *5.

Here, the court does not find Plaintiff was diligent because Plaintiff has not explained why Defendant's deposition could not have occurred within the allotted time. Plaintiff filed the Complaint in March 2022, and the original scheduling order set fact discovery to close in March 2023 (ECF 35 at 2). However, Plaintiff waited two years and four amendments to the fact discovery deadline to bring the issue. Plaintiff has not explained why a key witness like Defendant would not be served the proper Rule 30(b)(6) notice for deposition as of the original fact discovery deadline or prior to any of the following four amendments to the scheduling order. *See American Casualty Co.*, 2024 WL 1214068, at *5 (denying motion to amend the scheduling order where "Plaintiffs have not adequately explained why they waited until discovery was nearly closed before asking about [a witness's] availability or why they never noticed his deposition or subpoenaed [the witness] before fact discovery closed").

Moreover, when Defendant filed the Fourth Motion for Amending Scheduling Order, Plaintiff failed to file a response where she could have requested to expand the scope of fact discovery to include the deposition before the court today. Five days after the court entered the

Fourth Amended Scheduling Order (ECF 33), Plaintiff requested via email to depose Defendant (ECF 37-2 at 5) but then did not file the present Motion until October 27, 2023, nearly two weeks after the court approved the November 26, 2023 amendment for Defendant, and nearly three months after the Third Amended Scheduling Order, which set a close of fact discovery in September 2023 (ECF 31). Without proper briefing by Plaintiff regarding the relevant factors, and given the dilatory behavior of Plaintiff, the court does not find that "the moving party was diligent in obtaining discovery within the guidelines established by the court." *See American Casualty Co.*, 2024 WL 1214068, at *3 n.28.[2]

Additionally, Plaintiff has not addressed how it was unforeseeable that Defendant would need to be deposed. By naming Defendant as a party, Plaintiff was clearly put on notice regarding the foreseeability of Defendant's deposition. *See Tracy*, 2021 WL 2379636, at *2 (denying motion to amend a scheduling order where it was "clear from the record" that issues that had been part of the case from the beginning should have put Plaintiff on notice of the foreseeability of discovery regarding these issues). Regarding the other factors, trial is not imminent in this case, the prejudice to Defendant is minimal, and the likelihood that Plaintiff's proposed discovery would lead to relevant evidence tips in her favor. *See id.* at *2. However, these three factors are outweighed by the foreseeability of the deposition, Plaintiff's dilatory behavior, and Defendant's opposition to the Motion. *See id.* For these reasons, the court finds that Plaintiff has failed to show good cause for further extension of the fact discovery deadline.

---

[2] As to Plaintiff's assertion that Defendant cannot be deposed "until Plaintiff receives copies of the medical records and unemployment records that Defendant has requested" (ECF 35 at 5), the court shares Defendant's confusion as to why Plaintiff would not have access to her own records which Plaintiff concedes she agreed to provide to Defendant (*see id.* at 4) (Plaintiff agreed to provide "executed medical releases for Defendant to obtain Plaintiff's medical records and an executed release to Utah's Department of Workforce Services for Defendant to obtain Plaintiff's unemployment records.").

## IV. CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion to Amend Scheduling Order (ECF 35) is DENIED.

    IT IS SO ORDERED.

    DATED this 12 August 2024.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah