# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| SANDRA L. CHRISTENSEN,<br><br>Plaintiff,<br><br>v.<br><br>THE BEARS DEN BEARLAKE, LLC, a Utah limited liability company,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANT'S [38] MOTION FOR SUMMARY JUDGMENT**<br><br>Case No. 1:22-cv-00041-CMR<br><br>Magistrate Judge Cecilia M. Romero |

All parties in this case have consented to the undersigned conducting all proceedings, including entry of final judgment (ECF 15). 28 U.S.C. § 636(c); Fed. R. Civ. P. 73. Before the court is Defendant The Bears Den Bearlake, LLC's (Defendant or Bears Den) Motion for Summary Judgment (Motion) (Def. Mot., ECF 38). The court heard oral argument on the Motion at hearings on January 8 and 9, 2025 (ECF 50, 51). Having carefully considered the relevant filings, case law, and oral argument, the court **GRANTS** Defendant's Motion for the reasons set forth below and at the January 9, 2025 hearing (ECF 51).

## I. PROCEDURAL BACKGROUND

On March 15, 2022, Plaintiff Sandra L. Christensen (Plaintiff or Ms. Christensen) filed her Complaint (ECF 2) asserting six causes of action against Bears Den and its individual owners, Mr. Tom Bashford (Mr. Bashford) and Mr. Martin A. Phipps (Mr. Phipps). On March 7, 2023, the court issued an Order (ECF 27) dismissing Mr. Bashford and Mr. Phipps as defendants and dismissing four causes of action against Bears Den. The remaining claims are Plaintiff's first cause of action for retaliation in violation of Titles I and V of the Americans with Disabilities Act (ADA) and sixth cause of action for punitive damages against Bears Den (ECF 27 at 8).

On March 15, 2024, Defendant filed the instant Motion seeking summary judgment on Plaintiff's claims on the grounds that Bears Den provided reasonable accommodations to Plaintiff, and Plaintiff did not suffer an adverse employment action (ECF 38). Plaintiff thereafter filed an Opposition (ECF 40), and Defendant filed a Reply (ECF 42). The court heard argument on the Motion at two hearings held on January 8 and 9, 2025 (ECF 50, 51). At the hearing on January 9, 2025, Plaintiff clarified that she is proceeding on her ADA discrimination claim based on disparate treatment and failure to accommodate and conceded that she is not proceeding based on retaliation (ECF 51). The court announced its ruling on Defendant's Motion (ECF 38) at the January 9, 2025 hearing (*id.*).

## II.    FACTUAL BACKGROUND[1]

On or about June 26, 2020, Bears Den hired Plaintiff to work as a cashier and later promoted her to manager. Mr. Phipps generally oversaw the day-to-day operation and management of Bears Den. In late June 2020, Plaintiff told Mr. Phipps that she was experiencing issues with one of her fingers on her left hand. Plaintiff went on medical leave after, showing Mr. Phipps a doctor's note indicating that she could not work until July 10, 2020. Plaintiff may have sporadically returned to work sometime between July 2 and July 14, 2020.

On July 30, 2020, Plaintiff sent a text to Mr. Phipps stating, "I'm hoping you'll manage without me for a bit" due to another doctor visit. On August 2, 2020, Plaintiff sent a text indicating that she had another doctor's appointment on August 18, 2020, and asking if she had been removed from the schedule. That same day, Mr. Phipps sent a text informing Plaintiff that she was removed because she was on medical leave and stating, "When the [doctor] releases you[,] I will get you scheduled in." On August 4, 2020, Plaintiff texted that she had an appointment that day and wanted

---

[1] The following facts are either undisputed or portrayed in the light most favorable to Plaintiff. Unless otherwise noted, the facts are drawn from the Motion (ECF 38) and the Opposition (ECF 40) and exhibits thereto.

2

to come back to work if the doctor released her. Mr. Phipps informed Plaintiff that she could return to work but needed to provide a medical release from her doctor to return to work. On August 6, 2020, Mr. Phipps asked Plaintiff if she could work a certain schedule and again informed her that she would need to provide a medical release when she reported to work. Plaintiff did not provide Bears Den with a medical release and did not return to work.

### III.  LEGAL STANDARD

A "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In making this determination, courts "examine the record and all reasonable inferences that might be drawn from it in the light most favorable to the non-moving party." *Barber ex rel. Barber v. Colorado Dept. of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (quoting *T-Mobile Cent., LLC v. Unified Gov't of Wyandotte Cnty.*, 546 F.3d 1299, 1306 (10th Cir. 2008)). "For there to be a 'genuine' dispute of fact, there must be more than a mere scintilla of evidence; to avoid summary judgment, the evidence must be such that a reasonable jury could return a verdict for the nonmoving party." *Aubrey v. Koppes*, 975 F.3d 995, 1004 (10th Cir. 2020) (quoting *Rocky Mountain Prestress, LLC v. Liberty Mut. Fire Ins. Co.*, 960 F.3d 1255, 1259 (10th Cir. 2020)). Thus, "mere conclusory allegations are insufficient to establish an issue of fact under Fed. R. Civ. P. 56." *Barber*, 562 F.3d at 1228 (quoting *Bruner v. Baker*, 506 F.3d 1021, 1025 (10th Cir. 2007)).

### IV.  DISCUSSION

#### A.  Disparate Treatment Claim

The court concludes that Defendant is entitled to summary judgment on Plaintiff's ADA discrimination claim based on disparate treatment. For ADA discrimination claims based on disparate treatment, under the *McDonnell Douglas* burden-shifting framework, Plaintiff must "raise a genuine issue of material fact as to each element of her prima facie case: (1) she is disabled

3

within the meaning of the ADA, (2) she is qualified to perform the essential functions of the job with or without accommodation, and (3) she suffered an adverse employment action because of her disability." *Edmonds-Radford v. Sw. Airlines Co.*, 17 F.4th 975, 989–90 (10th Cir. 2021) (citing *Davidson v. Am. Online, Inc.*, 337 F.3d 1179, 1189 (10th Cir. 2003)). "If [Plaintiff] can establish a prima facia case, the burden shifts to [Defendant] to offer a legitimate, nondiscriminatory reason for the termination." *Id.* at 990. "If [Defendant] does so, the burden shifts back to [Plaintiff] to show a genuine issue as to whether [Defendant's] reason was pretextual." *Id.*

The parties do not dispute the first and second elements of the *McDonnell Douglas* framework. With respect to the third element, the undisputed facts show that Plaintiff suffered no adverse employment action because of her disability. As the undisputed facts demonstrate, Plaintiff went out on her second period of leave on July 30, 2020, and was told that she needed a release to return to work, which she never provided, and therefore was not put back on the schedule for work.

And even if Plaintiff was terminated, "[l]iability in a disparate-treatment case 'depends on whether the protected trait . . . actually motivated the employer's decision." *Raytheon Co. v. Hernandez*, 540 U.S. 44, 52 (2003) (quoting *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 609 (1993)). Plaintiff has not identified any evidence to raise a dispute that she was terminated because of her disability. Rather, her sole argument is that she was subject to disparate treatment by Defendant because she was treated differently than her peers, in that "[n]o other employee had ever been required to bring a medical release at all after medical leave, let alone provide more than one release" (ECF 40 at 8). Plaintiff's cited deposition testimony fails to support this statement. Specifically, Plaintiff's testimony was, "[i]t was never a protocol to do that. In all the years I was there it never happened once" (Ex. A to Def. Mot., ECF 39-1 at 90:7–8). This statement does not

support that no other employee was required to have a medical release and therefore is a conclusory assertion that does not create a material dispute of fact. Further, although the first element that Plaintiff was disabled is not contested, Plaintiff has not shown what is required by the third element: that her disability was a determinative factor in any decision made by Defendant.

Ultimately, even if Plaintiff had met her prima facie burden, summary judgment would still be appropriate because Defendant articulated a legitimate non-discriminatory reason for not putting Plaintiff back on the schedule. The undisputed facts demonstrate that Plaintiff failed to provide a second release to return to work after she went back out on leave on July 30. *See, e.g.*, *Templeton v. Neodata Servs., Inc.*, 162 F.3d 617, 619 (10th Cir. 1998) ("[T]he district court ruled that Mrs. Templeton was not terminated for reasons remediable under the ADA, but rather because of her refusal to provide medical information that was reasonably requested by her employer. We agree that Mrs. Templeton has failed to establish a violation of the ADA."). For these reasons, Plaintiff's disparate treatment claim fails as a matter of law.

**B.     Failure to Accommodate Claim**

Defendant is also entitled to summary judgment on Plaintiff's failure to accommodate claim. "An employer violates the ADA by failing to make reasonable accommodations to the known physical or mental disabilities of an otherwise qualified individual with a disability, unless such accommodation would pose an undue hardship on the employer." *Edmonds-Radford*, 17 F.4th at 992 (citing 42 U.S.C. § 12112(b)(5)(A)). "Unlike a disparate-treatment claim, a failure-to-accommodate claim does not require proof of a discriminatory animus—any failure to provide reasonable accommodations to an otherwise qualified individual will be sufficient." *Id.* (citing *Punt v. Kelly Servs.*, 862 F.3d 1040, 1048 (10th Cir. 2017)). As explained in more detail in the *Exby-Stolley* case, an adverse employment action is not a requirement of a failure to accommodate

5

claim. *Exby-Stolley v. Bd. of Cnty. Commissioners*, 979 F.3d 784, 791 (10th Cir. 2020) ("[T]he district court's incorporation of an adverse-employment-action requirement into an ADA failure-to-accommodate claim was contrary to (1) our controlling precedent; (2) the inherent nature of a failure-to-accommodate claim, as contrasted with a disparate-treatment claim; [and] (3) the general remedial purposes of the ADA . . . .").

A claim for failure to accommodate uses a modified burden-shifting framework. The elements of a prima facie case for a failure to accommodate claim are that Plaintiff "(1) is disabled; (2) is otherwise qualified, and (3) requested a plausibly reasonable accommodation." *Edmonds-Radford*, 17 F.4th at 992 (citing *Punt*, 862 F.3d at 1050). Defendant can then either rebut one or more of the elements of the prima facie case or establish an affirmative defense. *Id.* If one of these is done, the burden shifts back to Plaintiff to establish a genuine dispute as to the affirmative defense or challenge the elements of the prima facie case. *Id.*

Plaintiff argues in her briefing that Defendant's request for "a duplicative medical release" to return to work somehow implicated a failure to accommodate (ECF 40 at 8). This argument does not appear to even be responsive to the correct legal standard addressed above, and even if it was somehow material, the only release Plaintiff provided was for a return to work on July 10, 2020, which occurred. Plaintiff, however, went back out on leave on July 30, 2020.

Notwithstanding, Plaintiff's focus at the hearing was on a different argument, namely, that the failure to accommodate was Defendant's denial of a request for a front-loaded modified work schedule. With respect to the latter argument, the undisputed facts show that Defendant gave Plaintiff not one, but two accommodations. The first accommodation was leave from June 29, 2020 to July 2, 2020, and the second was leave beginning on July 30, 2020 to address her medical issue. Plaintiff's request for a front-loaded modified work schedule is not material to her failure to

accommodate claim because Plaintiff testified that she did not make the request for the front-loaded schedule until "sometime in August" (Ex. A to Def. Mot., ECF 39-1 at 93:12–13), while she was already on leave and after she was told that she could not return to work without a proper release. In a text to Mr. Phipps, Plaintiff acknowledged her understanding that a release was necessary when she said, "my [doctor's] appointment is at 3:45 today.[] [I]f he'll release me, I would love to jump back on board" (Ex. B to Def. Mot., ECF 39-3 at 6). There is also no evidence to support Plaintiff's assertion that Defendant requested a "full release," which Plaintiff argues constituted a denial of Plaintiff's request for a modified schedule.

Plaintiff has not established any request for accommodation was denied, and much less because of her disability. *See Edmonds-Radford*, 17 F.4th at 992. Rather, the undisputed facts demonstrate that Defendant was willing to allow Plaintiff to return to work after her medical leave, as Mr. Phipps said to Plaintiff that once "the [doctor] releases you I will get you scheduled in" (Ex. C to Def. Mot., at 6). As such, Plaintiff's claim for failure to accommodate pursuant to the ADA fails as a matter of law.

### C.     ADA Retaliation

Defendant is also entitled to summary judgment on Plaintiff's ADA retaliation claim. To establish a prima facie case of an ADA retaliation claim, "a plaintiff must prove that (1) [s]he 'engaged in a protected activity'; (2) [s]he was 'subjected to [an] adverse employment action subsequent to or contemporaneous with the protected activity'; and (3) there was 'a causal connection between the protected activity and the adverse employment action.'" *Foster v. Mountain Coal Company, LLC*, 830 F.3d 1178, 1186–87 (10th Cir. 2016) (third alteration in original) (quoting *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1178 (10th Cir. 1999)). Plaintiff concedes her ADA retaliation claim by failing to respond to Defendant's argument in the Motion.

Plaintiff further agreed during the hearing on January 8, 2025 that she does not assert an ADA retaliation claim. And even if Plaintiff intended to assert an ADA retaliation claim, the undisputed facts show that Plaintiff was not subject to an adverse employment action, and therefore a claim for ADA retaliation fails as a matter of law.

V.     ORDER

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF 38) is **GRANTED**, and Plaintiff's claims against Defendant are **DISMISSED** with prejudice.

DATED this 5 February 2025.

*Cecilia M. Romero*
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah